# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2101

_____

Dwight L. Laughlin,                               *
                                                  *
            Appellant,                            *
                                                  *     Appeal from the United States
      v.                                          *     District Court for the
                                                  *     Western District of Missouri.
Dora Schriro, Director,                           *
Department of Corrections;                        *
Michael Groose, Associate                         *
Director, Department of                           *
Corrections; Mike Kemna,                          *
Superintendent, Cross Roads                       *
Correctional Center; CO-1 Ring,                   *
Correctional Officer, Cross Roads                 *
Correctional Facility; Corrections                *
Medical Services, Inc.; CO-1                       *
Wright, Correctional Officer,                      *
Cross Roads Correctional Center;                   *
CO-1 Oliver, Correctional Officer,                 *
Cross Roads Correctional Center;                   *
Holtmeier, Correctional Medical                    *
Services, Inc.,                                    *
                                                  *
            Appellees.                            *


_____

Submitted: October 12, 2005
Filed: December 7, 2005

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Dwight L. Laughlin, an inmate at the Cross Roads Correctional Center in Cameron, Missouri ("CrCC"), sued the Appellees[1] pursuant to 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. The district court[2] granted summary judgment in favor of the Appellees. For the reasons discussed below, we affirm.

## I.     Background

Laughlin asserts that during the morning of September 7, 1997, he experienced physical symptoms which he believed indicated that he was having a heart attack. As a result, he pressed the call button in his cell at 7:30 a.m. He asserts that when no guard responded, he pressed his call button again at 8:15 a.m. At approximately 8:35 a.m., Appellee Ring responded to Laughlin's call button. Laughlin advised Ring that he believed he was having a heart attack. Approximately twenty minutes later, Appellee Oliver came to Laughlin's cell. Laughlin informed Oliver that he believed he was having a heart attack. Oliver then called for medical assistance, which arrived approximately fifteen minutes later. Laughlin was taken to the medical unit, where

---

[1]The Appellees that are parties to this appeal are: Dora Schriro, the Director of the Missouri Department of Corrections ("MDOC"); Michael Groose, the Associate Director of the MDOC; Mike Kemna, the Superintendent of the CrCC; and CrCC Correctional Officers Ring, Wright and Oliver. The claims against Appellees Corrections Medical Services, Inc. and Holtmeier previously were dismissed by the district court and are not at issue in this appeal.

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

he was examined by a physician and treated with an over-the-counter antacid. Laughlin was returned to his cell at 9:47 a.m. Later that day, at 2:43 p.m., medical assistance again responded to Laughlin's cell. A few minutes later, Laughlin was taken to the medical unit and then was admitted to the CrCC infirmary. The following day he was taken from the infirmary to Heartland Hospital in St. Joseph, Missouri, where he was diagnosed as having suffered a small acute myocardial infarction. He received angioplasty treatment on September 15, 1997.

## II.    Discussion

"We review de novo the district court's grant of summary judgment, applying the same standards as the district court." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997). Summary judgment is appropriate if the record indicates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(c)). We review the facts in the light most favorable to the nonmovant. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Eighth Amendment obligates state prison officials to provide inmates with medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To prevail on a claim that a delay in medical care constituted cruel and unusual punishment, an inmate must show both that: (a) the deprivation alleged was objectively serious; and (b) the prison official was deliberately indifferent to the inmate's health or safety. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995). When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Id.* (quoting *Hill v. Dekalb Regional Youth Detention Ctr.*, 40

F.3d 1176, 1188 (11th Cir. 1994). To establish this effect, the inmate "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment . . ." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (quoting *Hill*, 40 F.3d at 1188). While Laughlin submitted evidence documenting his diagnosis and treatment, he offered no evidence establishing that any delay in treatment had a detrimental effect and thus failed to raise a genuine issue of fact on an essential element of his claim. As such, the grant of summary judgment in favor of the Appellees was proper. *Dulaney*, 132 F.3d at 1243 (holding that summary judgment in favor of the defendants was not in error as to inmate-plaintiffs Anderson and Allen, where neither Anderson nor Allen submitted verifying medical evidence indicating that a delay in treatment of her acute cardiac condition resulted in an adverse effect).

## III.    Conclusion

Accordingly, we affirm the district court's grant of summary judgment.

_____