# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1386

_____

Rickie Green,                                    *
                                                 *
              Appellant,                         *
                                                 *
       v.                                        *    Appeal from the United States
                                                 *    District Court for the
Herman Jonak, Dr., Tucker Unit, ADC;             *    Eastern District of Arkansas.
Mitchell, Ms., Nurse, Tucker Unit,               *
ADC; Denise Krablin, Ms., Nurse,                 *    [UNPUBLISHED]
Tucker Unit, ADC,                                *
                                                 *
              Appellees.                         *

_____

Submitted: September 29, 2007
Filed: November 14, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Rickie Green appeals the district court's[1] dismissal, following an evidentiary hearing, of his 42 U.S.C. § 1983 complaint. Because Green was the sole witness at the evidentiary hearing, we agree with the district court that the issue

_____

[1]The Honorable George Howard, Jr, late a United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

was whether his action would survive a Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law at trial. See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993). This court reviews de novo such a dismissal. See Johnson v. Cowell Steel Structures, Inc., 991 F.2d 474, 478 (8th Cir. 1993).

Initially, we find that Nurse Mitchell was properly dismissed because Green's hearing testimony did not implicate her in the denial of treatment at issue. Cf. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (because plaintiff did not allege that one defendant was personally involved in or had direct responsibility for incidents that injured him, his claims were not cognizable under § 1983). As to Nurse Denise Krablin and Dr. Herman Jonak, Green provided no objective medical evidence that the decision not to examine him on June 2 caused any harm, see Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (when inmate alleges that delay in treatment rises to level of Eighth Amendment violation, objective seriousness of deprivation should be measured by reference to effect of delay, and to establish this effect inmate must place verifying medical evidence in record), cert. denied, 127 S. Ct. 297 (2006); and Nurse Krablin's later actions on June 8 when she assessed Green were at most negligent, see Pietrafeso v. Lawrence County, 452 F.3d 978, 983 (8th Cir. 2006) (showing of deliberate indifference is greater than gross negligence).

Accordingly, we affirm. We also deny Green's motion for counsel.

_____