# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1290

_____

Troy Lawson,                                          *
                                                      *
              Appellant,                              *
                                                      *
                                                      *   Appeal from the United States
       v.                                             *   District Court for the Eastern
                                                      *   District of Arkansas.
Correctional Medical Services;                        *
Dottie Yarbrough; Reed, Warden,                       *        [UNPUBLISHED]
Arkansas Department of Correction;                    *
Grant Harris, Warden, Arkansas                        *
Department of Correction; Dr. Dotson;                 *
Dr. Quimosing; Ms. Willis; Max                        *
Mobley; Larry Norris, Director,                       *
Arkansas Department of Correction;                    *
George Wilson; Mr. Miles; Latasha                     *
Woods, originally sued as Ms. Woods;                  *
Dr. Robert Scott, originally sued as                  *
Dr. Scott; Candace Church, originally                 *
sued as Ms. Church; Thurman Green,                    *
originally sued as Mr. Green; Brenda                  *
Bearden, originally sued as Ms.                       *
Bearden; Dr. Linda Collins, originally                *
sued as Dr. Collins,                                  *
                                                      *
              Appellees.                              *

_____

Submitted: March 10, 2008
Filed: March 13, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Troy Lawson appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he claimed inadequate treatment of HIV by Correctional Medical Services (CMS) personnel.[2] Having carefully reviewed the record, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude that summary judgment was proper. While the record showed that prescribed antiviral medications were occasionally not given, Lawson failed to rebut evidence that his HIV status had not worsened, and he offered no evidence showing that the named CMS defendants were the ones who administered medications or that the missed doses were deliberately withheld without appropriate reasons. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (inadvertent failure to provide medical care does not amount to wanton and unnecessary infliction of pain); Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (objective seriousness of delay must be measured by reference to effect of delay, which must be shown by verifying medical evidence). Even gross negligence is an insufficient basis for an Eighth Amendment claim. See Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006).

Accordingly, we affirm. See 8th Cir. R. 47B. We also deny Lawson's motion for appointment of counsel.

_____

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Lawson has waived his other claims by not raising and addressing them on appeal. See K.D. v. County of Crow Wing, 434 F.3d 1051, 1055 n.4 (8th Cir. 2006).