# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3314

_____

| | | |
|---|---|---|
| Keith Eugene Washington, | * | |
| Suing as Keith Washington, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jessica Symmes; Kathy Reid; | * | |
| Barb Nelson; Keri Anderson; | * | [UNPUBLISHED] |
| Aillijo Allidis, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 3, 2008
Filed: November 6, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Keith Washington appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action, following the court's adverse grant of summary judgment. Washington, then incarcerated at Oak Park Heights Correctional Facility in Minnesota, claimed that (1) he suffered a delay in seeing a physician for

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

chest pain, because nursing staff misdiagnosed his pain as being caused by excessive exercise, and (2) at times he was denied "comfort" medication.

After de novo review of the record, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008), we agree with the district court that Washington's delayed-medical-treatment claim failed, because Washington presented no evidence that any delay in seeing a physician worsened his condition; rather, defendants' evidence showed that a physician ultimately diagnosed Washington with a benign heart murmur that caused no dysfunction. See Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (objective seriousness of treatment delay must be measured by reference to effect of delay as shown by verifying medical evidence).

As to Washington's claim that he was denied "comfort" medication, the district court properly dismissed this claim, without discussing its merits, for lack of administrative exhaustion. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (if exhaustion is not completed at time of filing, dismissal is mandatory).

Accordingly, we affirm, but we modify the dismissal of the medication claim to be without prejudice, see Jones v. Bock, 549 U.S. 199, 219-24 (2007). See 8th Cir. R. 47B.

_____