# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2014

Lyle W. Cayce
Clerk

No. 13-60082

THE ESTATE OF RANDY LYNN CHENEY, by and through George R. Cheney, Administrator

Plaintiff - Appellant

v.

WANDA COLLIER, individually; THOMAS G. TAYLOR, individually,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:09-CV-111

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

While in the custody of the Mississippi Department of Corrections, Randy Lynn Cheney died from a severe viral syndrome that ultimately resulted in cardiac and respiratory arrest. The Plaintiff, Cheney's father, filed suit pursuant to 42 U.S.C. § 1983, asserting that the prison officials and medical staff who were responsible for treating Cheney were deliberately

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifferent to his medical needs and thus violated his Eighth Amendment right to be free from cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment" (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976))).

Specifically, the Plaintiff alleges that Collier,[1] a registered nurse employed by the Mississippi Department of Corrections, who was working at the Bolivar County Correctional Facility ("Bolivar CF") while Cheney was confined there, failed to provide medical treatment to Cheney despite his repeated requests to be seen and Collier's purported knowledge of his deteriorating and serious condition. The district court granted summary judgment in Collier's favor on the basis of qualified immunity. Because the Plaintiff has not demonstrated a genuine issue of material fact that Collier was deliberately indifferent to a *substantial* risk to Cheney's health or safety, we AFFIRM the district court's summary judgment for Collier.

## I.

This court reviews a grant of summary judgment *de novo*, applying the same standard as the district court. *See, e.g.*, *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Summary judgment may not be granted when there are genuine issues of material facts in dispute, such that a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). Generally, in summary judgment proceedings,

---

[1] Although the complaint was initially filed against several prison officials, doctors, a privately owned medical corporation, and the county of Bolivar, Mississippi, all of those claims were either resolved in settlement proceedings, or dismissed below and not challenged on appeal. Accordingly, this appeal involves only the Plaintiff's claim against Collier, in her individual capacity.

"[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). When, however, a defendant's summary-judgment motion is premised upon qualified immunity, the burden shifts to the plaintiff to raise facts that dispute the defendant's assertion of qualified immunity.[2] *See, e.g.*, *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). To prevail, a plaintiff must present evidence that, viewed in the light most favorable to him, presents a genuine issue of material fact that (1) the defendant's conduct amounts to a violation of the plaintiff's constitutional rights; and (2) the defendant's actions were "objectively unreasonable in light of clearly established law at the time of the conduct in question." *Cantrell v. City of Murphy*, 666 F.3d 911, 922 (5th Cir. 2012).

## II.

In *Farmer v. Brennan,* the Supreme Court announced that in order to establish an Eighth Amendment claim under a theory of deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837 (1994). The *Farmer* Court explained that this "subjective recklessness" standard does not require the plaintiff to "show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842; *see also Domino v. Tex. Dep't. of Criminal Justice,*

---

[2] Although a summary-judgment motion premised upon qualified immunity shifts the burden to the plaintiff, this does not alter the requirement that courts view all facts and make all reasonable inferences in the light most favorable to the plaintiff. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) ("The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor.").

239 F.3d 752, 755 (5th Cir. 2001).  To meet this standard, a plaintiff must establish more than mere negligence, unreasonable response, or medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Circumstantial evidence may sufficiently establish the subjective recklessness standard because "[w]e may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Farmer*, 511 U.S. at 842.  Therefore, we have found deliberate indifference when the plaintiff alleges facts of an apparent or obvious risk to a prisoner's health, supporting an inference that the official had "actual awareness" of a serious medical need. *See, e.g.*, *United States v. Gonzales*, 436 F.3d 560, 573-74 (5th Cir. 2006) (upholding a finding of deliberate indifference when evidence established that officers failed to seek medical assistance for a detainee who was lying on the ground with a broken neck, "foaming at the mouth," begging for help, and yelling "take me to a hospital"); *Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003) (inferring deliberate indifference when a minor was unconscious and vomiting for two hours before officials sought medical help); *Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999) (finding deliberate indifference when prison officials ignored repeated requests for immediate, emergency care and ignored multiple reports of "excruciating pain" caused by the dislocation of a prisoner's jaw).

## III.

The Plaintiff has not demonstrated that a genuine dispute of material fact exists from which a reasonable jury could conclude that Collier "acted or failed to act despite [her] knowledge of a *substantial* risk of *serious* harm." *Farmer*, 511 U.S. at 842 (emphasis added).  Viewing the evidence in the light most favorable to the Plaintiff, Cheney—even on the morning of August 29, 2007, fewer than twenty-four hours before his death—complained of the flu

and reported and exhibited flu-like symptoms including paleness, body fatigue, chills, lack of appetite, and one or two instances of vomiting.  The Plaintiff additionally submitted evidence that Collier failed to respond to two or three sick-call requests that reported these flu-like symptoms and that Collier told another prisoner to stop "worrying" her about Cheney's condition, when he expressed concern.  Nonetheless, the Plaintiff has not presented evidence that disputes that Cheney's visible and self-reported symptoms were consistent with a severe cold or flu.  Until Collier took Cheney's vitals on the morning of August 29, 2007, and determined that they were dangerously abnormal—at which point she sought emergency treatment—the record indicates that Collier was only aware of symptoms consistent with the flu.  The Plaintiff thus has not established that Collier failed to act despite knowledge of a *"substantial* risk of *serious* harm.*"  Id.* (emphasis added).

Accordingly, the Plaintiff has not demonstrated a genuine issue of material fact from which a reasonable jury could conclude that Collier's actions or inactions violated Cheney's Eighth Amendment rights.  Collier's knowledge of and inattention to symptoms consistent with the flu or a bad cold do not rise to the level of an "obvious" or apparent risk to Cheney's health sufficient to infer that she acted with deliberate indifference.  *See Gonzales*, 436 F.3d at 573-74.  Although the facts may suggest that Collier acted negligently, that alone is insufficient to establish a cognizable claim under the Eighth Amendment.  *See Gobert*, 463 F.3d at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.").  The Plaintiff therefore did not establish

that Collier[3]—who requested emergency services for Cheney once she determined that his vital signs were abnormal—acted with deliberate indifference. *Compare Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006) (finding that officials were deliberately indifferent by failing to provide medical care when prison medical staff were actually aware of the detainee's heart condition, and the detainee presented obvious signs of serious cardiac health risks).

For the foregoing reasons, we AFFIRM the district court's summary judgment for Collier.

---

[3] The allegations regarding the medical care Cheney received from other medical personnel in the hours preceding his death are quite troubling and may have formed the basis of a viable deliberate-indifference claim against other prison or medical staff—many of whom have settled with the Plaintiff—who treated Cheney after Collier alerted her supervisor that Cheney's vitals were abnormal. While concerning, these allegations do not affect our analysis of Cheney's claim of deliberate indifference against *Collier*.