# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2966

_____

Tony A. Kenyon

*Plaintiff - Appellant*

v.

Warden Dooley; Department of Health; Dr. Reiger; Darl Deide, Pheasantland
Industries; Stromab Spa Manufacturing Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: February 24, 2015
Filed: March 27, 2015
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Tony Kenyon brought a 42 U.S.C. § 1983 action claiming
that (1) defendants failed to protect him from injury by dangerous equipment at the
prison's cabinet shop, resulting in a serious injury to his fingers, and (2) after the

injury defendants provided inadequate aftercare. The district court[1] granted defendants' motion for summary judgment, and this appeal followed.

Kenyon argues that the court erred in dismissing, before service of process, his claim that prison overcrowding was partially responsible for his injury. We conclude that the court properly dismissed the claim because it was conclusory. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo review). Kenyon also asserts that the court wrongly denied his motions for appointment of counsel, but upon careful review of the record, we cannot say that the court abused its discretion. See Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review and relevant factors).

Following de novo review, see Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012), we also conclude that the court properly granted summary judgment. First, the record contains no indication that any defendant had actual knowledge that Kenyon risked serious harm from using the piece of equipment at issue. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). Instead, the undisputed evidence shows that staff regularly inspected the equipment, and no inmate reported any safety or performance issues regarding the equipment in question. See Ambrose v. Young, 474 F.3d 1070, 1075 (8th Cir. 2007) (to defeat summary judgment on conditions-of-confinement claim, plaintiff must show prison officials disregarded known risk in prison work assignment). Second, the record shows that immediately after the incident, Kenyon was provided emergency care, and there is no evidence that the delay in providing the occupational therapy recommended by his surgeon resulted in preventable harm. See Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006) (inmate claiming deliberate indifference based on delay in treatment must allege that delay caused harm). Third, although Kenyon was not provided the medication

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

originally prescribed, he was provided pain medication in combinations and doses approved by the prison physician, see Meuir v. Greene Cnty. Jail Emps., 487 F.3d 1115, 1118–19 (8th Cir. 2007) (difference of medical opinion or course of treatment does not constitute deliberate indifference), and Kenyon reported that the medication was working to dull his pain. Though Kenyon alleged he experienced pain in the 36 hours between his first surgery and when he was given pain medication, and 38 hours between his second surgery and medication, he again failed to allege that he suffered any detrimental effect as a result of that delay. See Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005). Moreover, nothing in the record shows that any individual defendant was responsible for the alleged delays after surgery. See Beaulieu, 690 F.3d at 1030–31 (citing Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)) (plaintiff alleging deliberate indifference under § 1983 must specify how defendants were personally involved in, or had direct responsibility for, incidents that injured him).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____