# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1546
_____

Ira B. Harris

*Plaintiff - Appellant*

v.

Gary Kempker

*Defendant*

Ian Wallace, Warden, SECC

*Defendant - Appellee*

Corizon Medical Services, Inc.

*Defendant*

George Lombardi, Director, Missouri Department of Corrections; Troy Steele, Warden, Potosi Correctional Center

*Defendants - Appellees*

Dr. Unknown Nakra; Linda Little, Nurse, Potosi Correctional Center; Dr. Unknown McKinley, Doctor at Potosi Correctional Center; Dr. Unknown Gavin, Psychiatrist, Southeast Correctional Center; Brandi Puden, Health Services Administrator; Norma Helbring, Nursing Director, SECC; Robin Allen, Nursing Director, SECC; Heather Reese, Chief Psychologist, SECC; Suzy Unknown, CNA, SECC; Heather Conrad, Nurse, SECC; Lisa Unknown, Nurse, SECC; Dr. Unknown Hill, Doctor, SECC; Ryan Unknown; Megan Unknown, Nurse, SECC

*Defendant*s

David Null

*Defendant - Appellee*

Unknown Thurston, Corrections Officer, SECC; Missouri Department of
Corrections; Missouri Department of Mental Health

*Defendant*s

Anne L. Precythe

*Defendant - Appellee*

Keith Schafer

*Defendant*

Corizon, LLC; Brandi Juden; Cynthia Reese; M.D. John Eppolito; Nina Hill;
William McKinney; Mark Stringer

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: September 24, 2021
Filed: September 29, 2021
[Unpublished]
_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Ira Harris appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review, see Roberts v. Kopel, 917 F.3d 1039, 1041 (8th Cir. 2019) (standard of review), we affirm. We agree that appellees Reese and Corizon were not deliberately indifferent with respect to Harris's psychiatric treatment, see Shipp v. Murphy, 9 F.4th 694, 704 (8th Cir. 2021) (nurse had no duty to go beyond her scope of practice to prescribe item, and thus no reasonable jury could find that her care was deliberately indifferent); Hildreth v. Butler, 960 F.3d 420, 430 (7th Cir. 2020) (health care entity not liable for isolated instances of delayed prescription refills); and that appellees McKinney, Eppolito, and Hill provided treatment for his abscess that was no more than negligent, see Estelle v. Gamble, 429 U.S. 97, 107 (1976) (decision not to order X-ray or similar measures is malpractice at most); Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (inmate's expert testimony that physician should have accurately diagnosed condition showed only negligent malpractice); Hartsfield v. Colburn, 491 F.3d 394, 398 (8th Cir. 2007) (whether physician should have acted sooner in scheduling follow-up visit was at most question of negligence). We also find that appellees Reese, Juden, Wallace, and Steele were not deliberately indifferent by failing to intervene in Harris's treatment, as that treatment was not constitutionally infirm. See Morris v. Cradduck, 954 F.3d 1055, 1060 (8th Cir. 2020) (where inmate did not establish that nurse was deliberately indifferent to his serious medical needs, sheriff did not violate inmate's rights by ignoring his complaints about nurse). As Harris does not argue his claims against appellees Null, Precythe, Lombardi, or Stringer on appeal, those claims are waived. See Waters v. Madson, 921 F.3d 725, 744 (8th Cir. 2019).

The judgment is affirmed. See 8th Cir. R. 47B. We deny Harris's pending motions.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.