# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1439

_____

Eric Smith

*Plaintiff - Appellee*

v.

St. Charles County

*Defendant*

Clinton Graebner, Officer; Jake Gillett, individual capacity

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 27, 2021
Filed: January 24, 2022
[Unpublished]

_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, St. Charles County Jail (SCCJ) Officers Jake
Gillet and Clinton Graebner appeal the district court's summary judgment order

denying them qualified or official immunity on excessive force, battery and medical indifference claims asserted by former SCCJ inmate Eric Smith. After de novo review, we reverse. See Mallak v. City of Baxter, 823 F.3d 441, 446 (8th Cir. 2016) (appellate court may review denial of qualified immunity where record plainly forecloses finding of material factual dispute); Walton v. Dawson, 752 F.3d 1109, 1116 (8th Cir. 2014) (standard of review).

We conclude Gillet was entitled to qualified immunity on the excessive force claims. See Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017) (prison officials are entitled to consideration of whether good-faith effort to maintain or restore discipline was a factor in excessive force claims); see also Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (prison officials given wide-ranging deference). We likewise conclude Gillet was entitled to official immunity as to Smith's claims of battery under Missouri law. See Wealot v. Brooks, 865 F.3d 1119, 1129 (8th Cir. 2017) (official immunity protects public employees in Missouri from liability for negligent discretionary acts, including the use of force, but does not apply to acts done with malice or bad faith). And, we find that Graebner was entitled to qualified immunity on Smith's claim that he was deliberately indifference to a serious medical need. See Roberts v. Kopel, 917 F.3d 1039, 1043 (8th Cir. 2019) (corrections officers cannot be expected to recognize serious medical need where trained professionals could not); Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006) (showing of deliberate indifference is greater than gross negligence; plaintiff must show the defendant knew of excessive risks to health but disregarded them).

Accordingly, we reverse the decision of the district court and remand for findings consistent with this opinion.

_____