# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1666
_____

Danny D. Hestdalen

*Plaintiff - Appellant*

v.

Corizon Correctional Health Care; Karey L. Witty; Ralf Sulke; T. Bredeman; Corizon, LLC; Kathy Barton; Dr. Ruanne Stamps; Bonnie Boley; Geeneen Wilhite; Debbie Willis; Laurel Davison; Dr. Trinidad Aguilera; Kerri Stoner; Missouri Department of Corrections; Alana Boyles; Jewel Cofield; Cari Collins; Deloise Williams; Moberly Correctional Center; Dean Minor; Lisa Pogue; H. Townsend, #34323; J. Allen, #37009; Tammy Morrison; Paul Jones, Doctor; Alan Weaver, Doctor; Charles Scott, Doctor; Milton Hammerly; Jamie Hampshire; Dr. Mandip Bartels

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal
_____

Submitted: January 25, 2022
Filed: January 31, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Danny Hestdalen appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review, see Roberts v. Kopel, 917 F.3d 1039, 1041 (8th Cir. 2019) (standard of review), we affirm. We agree that appellees Hammerly and Corizon were not deliberately indifferent in denying Hestdalen a second hearing aid, see Requena v. Roberts, 893 F.3d 1195, 1216 (10th Cir. 2018) (no deliberate indifference in denying inmate hearing aid where denial was based on audiology report indicating aid was not warranted); Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590-91 (8th Cir. 2004) (to hold corporation acting under color of state law liable, plaintiff must show that corporation's policy was moving force behind constitutional violation); and that appellees Scott, Weaver, Jones, Stamps, and Bartels were not deliberately indifferent in treating his symptoms of Eustachian tube dysfunction, see Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (defendants who tried many treatments and responded to inmate's complaints with potential remedies were not deliberately indifferent, even if inmate was dissatisfied); Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (where inmate alleges that delay in treatment rises to Eighth Amendment violation, he must offer verifying medical evidence showing detrimental effect of delay). We find that the district court did not err in denying Hestdalen's motion to compel, see Butler v. Fletcher, 465 F.3d 340, 346 (8th Cir. 2006) (standard of review); or his post-judgment motion, see Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000) (standard of review). As Hestdalen did not argue his claims against the other appellees in his opening brief, we find they are waived. See Doe v. Fort Zumwalt R-II Sch. Dist., 920 F.3d 1184, 1191 (8th Cir. 2019).

The judgment is affirmed. See 8th Cir. R. 47B. We deny Hestdalen's pending motions.

_____

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.