919 F.2d 90
 Raymond SMITH, Appellant,
v.
Mr. JENKINS, Mental Health Case Worker, Cummins Unit; Dr.
Oglesby, Chief Psychiatrist, Cummins Unit; Mr.
Toney, Mental Health Case Worker,
Cummins Unit, Appellees.
 No. 89-2748.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 10, 1990.
Decided Nov. 15, 1990.
Rehearing and Rehearing En Banc
Denied Jan. 14, 1991.
 
 Sheila F. Campbell, Little Rock, Ark., for appellant.
 R.B. Friedlander, Little Rock, Ark., for appellees.
 Before LAY, Chief Judge, BRIGHT and TIMBERS,* Senior Circuit Judges.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Raymond Smith, an Arkansas inmate, appeals the district court's grant of summary judgment for defendant Dr. W.R. Oglesby, a psychiatrist for the Arkansas Department of Correction, in this action under 42 U.S.C. Sec. 1983. On appeal, Smith contends that a material factual dispute exists as to whether Dr. Oglesby is denying him necessary medical treatment for his mental illness. We reverse and remand for further proceedings.
 
 I. BACKGROUND
 
 2
 Prior to his incarceration, Smith was prescribed medication for a psychiatric disorder. Under the prescription, he was to take Sinequan three times a day and to receive a Prolixin injection every two weeks.[1] Smith received the prescription from Dr. Roy R. Ragsdill, a psychiatrist at the Arkansas State Hospital.
 
 
 3
 Upon incarceration, Dr. Oglesby examined Smith and decided to terminate his medication. After exhausting his remedies under the prison's grievance procedure, Smith brought this suit alleging that defendant Dr. Oglesby is depriving him of legally necessary medication in violation of the eighth amendment and thereby causing him to suffer irreversible setbacks in his treatment.
 
 
 4
 Dr. Oglesby moved for summary judgment. He did not dispute the prior medical records, but stated in an affidavit that he had determined, based upon clinical judgment, that medication was not medically indicated in Smith's case. Smith moved the court to appoint an independent psychiatrist to evaluate his psychiatric condition and medical needs pursuant to Rule 706 of the Federal Rules of Evidence.[2]
 
 
 5
 The district court referred the matter to a magistrate who recommended denying the Rule 706 motion and granting summary judgment in favor of Dr. Oglesby. The district court adopted the findings and recommendations of the magistrate and granted summary judgment in favor of Dr. Oglesby. Relying on the magistrate's findings, the district court concluded that the record indicated no deliberate indifference to Smith's serious needs, because Dr. Oglesby had examined Smith on four separate occasions.
 
 II. DISCUSSION
 
 6
 We review de novo the district court's grant of summary judgment, and we may sustain it only if no genuine issue of material fact remains and Dr. Oglesby is entitled to summary judgment as a matter of law. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir.1989); Waterhout v. Associated Dry Goods, Inc., 835 F.2d 718, 719 (8th Cir.1987) (per curiam). We believe that Dr. Oglesby's motion does not satisfy the standard for granting summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
 
 
 7
 Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's eighth amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291-92, 50 L.Ed.2d 251 (1976); Taylor v. Turner, 884 F.2d 1088, 1089-90 (8th Cir.1989). This principle extends to an inmate's mental-health-care needs. See, e.g., Greason v. Kemp, 891 F.2d 829, 834 (11th Cir.1990) (and cases cited therein). Grossly incompetent or inadequate care can constitute deliberate indifference, see Cotton v. Hutto, 540 F.2d 412, 414 (8th Cir.1976), as can a doctor's decision to take an easier and less efficacious course of treatment. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986); Williams v. Vincent, 508 F.2d 541, 544 (2d Cir.1974). Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment. Green v. Carlson, 581 F.2d 669, 675 (7th Cir.1978), aff'd, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).
 
 
 8
 Often, whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses. Rogers, 792 F.2d at 1058; see also Greason, 891 F.2d at 835 (conflicting expert testimony concerning extent to which psychiatrist may have departed from professional standards in abruptly discontinuing inmate's psychiatric medication must be resolved by trier of fact); Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir.1989) (same).
 
 
 9
 While it is true that courts hesitate to find an eighth amendment violation when a prison inmate has received medical care, Hamm v. Dekalb County, 774 F.2d 1567, 1575 (11th Cir.1985), cert. denied, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986), that "[h]esitation does not mean ... that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's deliberate indifference to the inmate's medical needs." Waldrop, 871 F.2d at 1035; see also Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5th Cir.1980) (treatment may violate eighth amendment if it involves "something more than a medical judgment call, an accident, or an inadvertent failure"). Thus, the district court erred as a matter of law in ruling that mere proof of medical care by a doctor consisting of diagnosis only sufficed to disprove deliberate indifference. Smith is entitled to prove his case by establishing that Dr. Oglesby's course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference in violation of his eighth amendment right to be free from cruel and unusual punishment.
 
 
 10
 We are particularly troubled by the absence of Smith's medical records from the court record.[3] Neither the magistrate nor the district court reviewed any of Smith's medical records. We believe a review of the medical records is required before a determination against Smith is made in this case.
 
 
 11
 Additionally, the record contains virtually no evidence of the appropriate standard of care nor any indications whether Dr. Oglesby's actions amounted to deliberate indifference as measured by that standard.[4]
 
 
 12
 Other factual disputes are left unresolved by this record. Notably, the record fails to disclose whether Dr. Oglesby is qualified to diagnose and treat mental illness. At most, the record indicates that he is a licensed medical doctor and employed as a psychiatrist. His statement of qualifications shows no specialized training in the field of mental health. Moreover, the parties' dispute over the nature of Smith's treatment prior to incarceration also remains unresolved. Smith alleges that he was receiving Sinequan and Prolixin prior to incarceration, while Dr. Oglesby asserts that the only medication Smith was receiving was Lotrimin.[5] Consequently, the defensibility of Dr. Oglesby's determination that medication was not medically indicated in Smith's case may depend, in part, on whether the determination rests on an erroneous view of Smith's prior treatment.
 
 III. CONCLUSION
 
 13
 In conclusion, we cannot say, based upon this record, that Dr. Oglesby's actions indisputably complied with Smith's right under the eighth amendment to be free from deliberate indifference to serious physical or psychiatric needs. Accordingly, we reverse the grant of summary judgment for Dr. Oglesby and remand the case to the district court with instructions to review Smith's medical records. If a dispute still exists between the diagnosis and treatment before and after incarceration, an independent psychiatrist may be appointed to review all of Smith's medical records and provide an opinion as to the proper diagnosis of Smith and the appropriate standard of care for psychiatrists, or the court may deem it advisable to obtain an additional opinion from Dr. Roy R. Ragsdill, Smith's previous physician, concerning the nature of his prior treatment and the necessity of continuing any medication.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 SINEQUAN ... is one of a class of psychotherapeutic agents.... It is not a central nervous system stimulant ... [and] is virtually devoid of euphoria as a side effect.... SINEQUAN has not been demonstrated to produce the physical tolerance or psychological dependence associated with addictive compounds.... [It] is recommended for the treatment of:
 
 
 [1]
 Psychoneurotic patients with depression and/or anxiety
 
 
 [2]
 Depression and/or anxiety associated with alcoholism (not to be taken concomitantly with alcohol)
 
 
 [3]
 Depression and/or anxiety associated with organic disease (the possibility of drug interaction should be considered if the patient is receiving other drugs concomitantly)
 
 
 [4]
 Psychotic depressive disorders with associated anxiety including involutional depression and manic-depressive disorders
 Physicians' Desk Reference 1848 (44th ed. 1990).
 "PROLIXIN is a trifluoromethyl phenothiazine derivative ... indicated in the management of manifestations of psychotic disorders." Id. at 1691.
 
 
 [2]
 Rule 706 of the Federal Rules of Evidence provides in pertinent part:
 (a) Appointment. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection.
 
 
 [3]
 The record indicates that Smith requested the production of his medical records by Dr. Oglesby. However, Dr. Oglesby refused to produce them until Smith signed a release. The record does not disclose whether Smith ever signed a release
 
 
 [4]
 We note that under the Celotex standard, one might argue that summary judgment may be granted without this proof in light of the fact that Smith bears the burden of proof on this issue at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, we believe it would be incongruous to deny the nonmoving party the ability to present the necessary proof to withstand a motion for summary judgment--as the district court did here by denying the Rule 706 motion--and then grant summary judgment against the nonmoving party simply because the nonmoving party has failed to come forward with such proof
 
 
 [5]
 Lotrimin is a cream product containing clotrimazole, "a broad-spectrum antifungal agent that is used for the treatment of dermal infections." Physicians' Desk Reference 1997 (44th ed. 1990)