19 F.3d 24
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Arthur TOLER, Plaintiff-Appellant,
v.
Nina DAVIS, Supervisor, Fulton State Hospital (Biggs
Building); Defendant,
Patricia Warner, Psychologist, Farmington Correctional
Center; Stan Iles, Psychologist, Moberly Correctional
Center; Mike Shearin, Psychologist, Jefferson City
Correctional Center; Defendants-Appellees,
Correction Officer Atana, Jefferson City Correctional
Center, Defendant.
 No. 93-1927.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 31, 1994.
Filed: February 18, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arthur Toler, an inmate of the Missouri Department of Corrections (MDC), appeals the district court's[1] grant of summary judgment in favor of the defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In Count I of his amended complaint, Toler alleged that Dr. Patricia Werner, Dr. Stan Iles, and Dr. Mike Shearin were deliberately indifferent to Toler's serious medical needs because each failed to diagnose or treat his mental condition while he was incarcerated at the correctional institution in which he or she served as psychologist. In Count II, Toler alleged that Werner, Iles, and Shearin were professionally negligent. In Count III, Toler alleged that while he was assigned to Moberly Correctional Center, Iles ordered that Toler be strapped to a cot, with straps and leg irons, for one week, and that he was not released for recreation, hygiene, or any other purpose. Toler claimed that Iles's actions amounted to cruel and unusual punishment. Toler sought injunctive and declaratory relief, and compensatory damages. Toler also named as defendants Nina Davis and William Atana, but there were no allegations specifically against either of them in the initial complaint or the amended complaint.
 
 
 3
 After discovery, defendants filed a joint motion for summary judgment. Defendants attached Toler's medical records indicating that his medical and mental needs had been treated extensively during his incarceration. Defendants noted that Count II asserted professional negligence-a claim not cognizable under section 1983-and asked the court to decline to exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. Sec. 1367(c). They urged that Count III should be dismissed because there was no evidence that Toler was strapped to a cot. Accompanying records indicated that Iles recommended placing Toler on suicide-watch status, that MDC staff members checked on Toler every fifteen minutes while he was assigned to suicide watch, that Toler was given a mattress while in the suicide-watch cell, and that he was removed from suicide watch after twenty-four hours and placed in a no-contact cell.
 
 
 4
 In response, Toler argued that he was diagnosed as psychotic as early as November 1989, and that from that point on, several doctors repeatedly suggested that he receive further mental evaluation and treatment, but that defendants' answer was merely to transfer him from one unit to another. Toler argued that defendants' systematic delaying of treatment could establish their deliberate indifference even though they saw Toler often. Toler requested the court to exercise supplemental jurisdiction over the malpractice claim, and noted that even though correctional center policy does not call for strapping a suicidal inmate to the cot, he had alleged that Iles ordered him restrained and therefore an issue of fact existed. Toler attached many of the same medical records defendants relied on, as well as his affidavit stating that Iles ordered that he be strapped to a cot and that he was strapped to the cot "for an extended period of time."
 
 
 5
 In reply, defendants submitted a transcript of Iles's deposition testimony that he did not order Toler restrained, that he did not have the authority to order Toler restrained while in the cell, that there were no permanent restraints in the cell, and that there was no way to attach Toler to the concrete bed in the cell. The district court granted defendants summary judgment on Counts I and III, and declined to exercise supplemental jurisdiction with regard to Count II.
 
 
 6
 Toler now argues that the district court erred in granting defendants summary judgment, and that he was denied due process because his appointed attorney represented him while under a conflict of interest. Toler filed several motions asking this court to review his current medical records, to appoint counsel to represent him on appeal, to investigate why his appointed counsel did not include allegations against Davis and Atana, and to supplement the record.
 
 
 7
 We review de novo a district court's grant of summary judgment. See Williams v. State Farm Mut. Auto. Ins. Co., 992 F.2d 781, 783 (8th Cir. 1993). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is undisputed that denial of adequate mental health care can amount to cruel and unusual punishment. See Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990). It is also clear that grossly incompetent care or "medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the [E]ighth [A]mendment." Id. "A physician's mere negligent failure to diagnose or treat a condition[, however,] fails to state a valid claim of mistreatment under the [E]ighth [A]mendment." Taylor v. Bowers, 966 F.2d 417, 421 (8th Cir.), cert. denied, 113 S. Ct. 394 (1992).
 
 
 8
 The uncontroverted evidence shows that defendants and other MDC staff provided medical care for Toler and examined him extensively during the time period of his complaint. Toler's disagreement with his medical treatment does not amount to an Eighth Amendment claim of deliberate indifference. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). In addition, there was no evidence that defendants' medical decisions "so deviated from professional standards that [they] amounted to deliberate indifference."[2] Jenkins, 919 F.2d at 93. Accordingly, we conclude that the district court correctly granted summary judgment for defendants on Count I because Toler failed to show that they were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). We also conclude that the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Count II, the state malpractice claim. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992) (standard of review), cert. denied, 113 S Ct. 1644 (1993).
 
 
 9
 We conclude the district court correctly granted summary judgment for defendants on Count III because Toler failed to show that Iles subjected him to cruel and unusual punishment. While a court considering a motion for summary judgment must view the evidence in a light most favorable to the nonmoving party, see United States v. Diebold, 369 U.S. 654, 655 (1962) (per curiam), the nonmoving party may not rest on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. See Miller v. Solem, 728 F.2d 1020, 1023 (8th Cir.), cert. denied, 469 U.S. 841 (1984). "[C]onclusive assertions of ultimate fact are entitled to little weight when determining whether a nonmovant has shown a genuine issue of fact sufficient to overcome a summary judgment motion supported by complying affidavits" or depositions. Id. at 1024; Diamonds Plus, Inc. v. Kolber, 960 F.2d 765, 768 (8th Cir. 1992) (" '[a] deposition is at least as good as an affidavit and should be usable whenever an affidavit would be permissible' " (quoting Wright & Miller, Federal Practice and Procedure Sec. 2142 (1970))). Other than Toler's unsupported attestation that Iles ordered him placed in restraints, Toler has made no attempt to show that such an order existed or, even assuming the order existed, that use of the restraints was unconstitutional. Consequently, his allegation "cannot withstand summary judgment." Miller, 728 F.2d at 1026.
 
 
 10
 Toler's claim that he was denied due process by his attorney's alleged conflict of interest is meritless, because he does not dispute that he consented to counsel's continued representation after counsel fully informed him of the possible conflict. We deny Toler's pending motions.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 We note that the court appointed an expert witness, Dr. Sean Yutsy, to assist Toler, but Toler failed to present any evidence in response to defendants' summary judgment motion to support his claim that defendants departed from professional standards