# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2721

_____

| | | |
|---|---|---|
| James L. Spann, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Sharon Roper; Lorna Bell, assistant | * | |
| nurse, | * | [PUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: July 6, 2006
Filed: July 13, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate James Spann appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 suit alleging deliberate indifference and violation of the Due Process Clause. The following is a summary of the relevant facts in a light most favorable to Spann. See Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (standard of review). On January 26, 2004, at 7:30 p.m., Nurse Assistant Lorna Bell mistakenly required Spann to take certain psychotropic medication--about seven to ten pills--that had been prescribed for another inmate, even though Spann protested that the pills were not his. Upon realizing her mistake moments later, Bell rushed back to Spann and ordered him to return the pills, which he could not do since

he had already swallowed them. Bell did not immediately take Spann for medical attention, however, or tell her supervisors of the incident. Some minutes after taking the medication, Spann felt his legs collapse and the room spin. He pushed the emergency button in his cell, hit his head on the toilet, and fainted. He awoke in pain in another room with a sore throat and dried blood on the back of his head. A doctor told him that he had been lying unconscious in his cell for three hours. Spann complained that he could barely talk or see, and that there was a knot on the back of his head; the doctor told Spann to sleep. The next day, Spann was returned to his cell, even though he was still in pain. Following the incident he suffered from cold sweats, severe headaches, vision problems, and shaking. Sharon Roper headed the prison's medical unit, and her duties included supervising Bell and preparing medication to be dispensed to the inmates.

Spann's medical records show that on January 26, 2004, Spann arrived at the Transitional Care Unit at 10:30 p.m. for observation following ingestion of the wrong medication; the on-call physician ordered overnight observation. On January 27, the doctor saw Spann at 7:30 a.m., diagnosed Spann as having overdosed on mental health medication, and instructed that Spann should be discharged when alert. Later that day, Spann was returned to his housing unit. Over the following months, Spann was seen by medical staff numerous times for reasons related and unrelated to his complaint allegations.

The district court granted defendants' motion for summary judgment. Upon de novo review, see Anderson, 327 F.3d at 767, we affirm in part and reverse in part. We agree with the district court that Nurse Bell did not exhibit deliberate indifference by forcing Spann to take another inmate's medication because it is undisputed that this was a mistake. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (to succeed on deliberate-indifference claim, plaintiff must show more than negligence or gross negligence); cf. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990) (physicians need

not accept as true medical judgments offered by their patients but must make treatment decisions on basis of many factors, only one of which is patient's input).

However, we believe a jury could conclude that Bell was deliberately indifferent to Spann's serious medical needs when she left him in his cell for three hours after she was aware that he had taken a large dose of mental-health medications prescribed for another inmate. See Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999) (to prevail on deliberate-indifference claim plaintiff must show he suffered from serious medical need that defendants knew of but ignored). First, a jury could find that the medical condition Bell created was a serious one that Bell knew of but ignored: Spann lay unconscious in his cell for three hours, and a prison doctor diagnosed Spann as having overdosed on mental-health medication; and further, even a lay person would know that taking a large dose of mental-health medication prescribed for another person is potentially dangerous. See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (Eighth Amendment claimant need not show prison official acted or failed to act believing harm actually would befall inmate; it is enough that official acted or failed to act despite knowledge of substantial risk of serious harm); Coleman v. Rahija, 114 F.3d 778, 786 (8th Cir. 1997) (factual determination that prison official had requisite knowledge of substantial risk may be inferred from circumstantial evidence or from obviousness of risk); Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (serious medical need is one diagnosed as requiring treatment, or one so obvious that even lay person would recognize necessity for doctor's attention).

Second, a jury could find that the three-hour delay allowed the medication to fully enter Spann's system, whereas immediate medical attention would have enabled medical staff to pump Spann's stomach or take other action to remove the medication from Spann's system before it was totally absorbed. See Roberson , 198 F.3d at 648 (no verifying medical evidence necessary to establish detrimental effects of alleged delay in treatment where need or deprivation alleged would be obvious to lay person);

-3-

Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (objective seriousness of alleged unconstitutional delay in receiving treatment is measured by reference to effect of delay). We also find it incongruous that the district court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay had detrimental effects.

The court properly rejected the remaining claims. Spann's claim based on the treatment he received in the months following the incident fails, see Phillips v. Jasper County Jail, 437 F.3d 791, 795 (8th Cir. 2006) (mere disagreement with treatment decisions does not rise to level of constitutional violation); and summary judgment was also proper as to Roper for the reasons explained by the district court, see Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995) (civil rights plaintiff cannot pursue § 1983 claim against officials under respondeat superior); Ottman v. City of Independence, 341 F.3d 751, 761 (8th Cir. 2003) (supervisory liability for violation of federally protected right occurs when supervisor is personally involved or when corrective inaction constitutes deliberate indifference; supervisor must know about conduct and in some way acquiesce). Spann's due process claim fails as well, because this case involves the inadvertent administration of psychiatric medication, not a decision to treat an unwilling patient with psychiatric medication. Finally, we disagree with Spann that the district court abused its discretion in denying his motions to appoint counsel. See Phillips, 437 F.3d at 794 (standard of review; criteria for determining whether counsel should be appointed).

Accordingly, we remand for further proceedings as to Nurse Bell on the claim that she failed to obtain immediate medical care for Spann after the medication mix-up. We affirm in all other respects, and we deny Spann's motions on appeal.

_____