# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1087

_____

John Russell Allard

*Plaintiff - Appellant*

v.

Tonia Baldwin, MD; Delores Green; Pamela Alexander

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 9, 2014
Filed: March 5, 2015

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Iowa inmate John Russell Allard brought this 42 U.S.C. § 1983 complaint against prison staff alleging violations of his constitutional rights based on their alleged failure to treat his serious medical condition. The district court[1] granted

_____

[1]The Honorable Ronald Longstaff, United States District Judge for the Southern District of Iowa.

summary judgment to the prison staff. Allard filed the instant appeal, arguing material questions of fact exist regarding the appropriateness of the care he received. We affirm.

I

Allard was a prisoner at the Clarinda Correctional Facility ("CCF") of the Iowa Department of Corrections ("IDOC") at the time of the events giving rise to this lawsuit. All claims arise out of a bowel obstruction and perforation Allard suffered and the allegedly deficient medical care provided by Tonia Baldwin, M.D., Delores Green, and Pamela Alexander ("CCF Health Services staff").[2]

On February 5, 2011, Allard sent a medical complaint to CCF Health Services to report pain in his abdomen and failure to have a bowel movement for over a week. Allard was diagnosed at that time with constipation, and treatment of the condition began. During the first three days of his treatment for constipation by CCF Health Services, Allard received Milk of Magnesia, was told to increase his fluid intake, was given a Limited Activity Notice for work, was told to increase his activity levels, was given a Docusate Sodium capsule, was administered an enema, was given magnesium citrate, and received a complete blood count which indicated Allard had no infection. Allard also reported passing some gas and CCF Health Services staff noted hyperactive bowel sounds.

On February 8, 2011, Allard reported he had still not had a bowel movement and his bowel sounds were hypoactive and sluggish. Allard was put on a liquid diet at the time which remained in effect until his bowel perforated. Stool softeners were

---

[2]During the time period relevant to this suit, medical care was also provided to Allard by other CCF Health Services staff members who have not been named as defendants in this suit.

ordered. The next day Allard presented with more active bowel sounds and a slight fever. On February 10, Allard again presented with a soft abdomen and bowel sounds in all four quadrants. On that day Allard reported no bowel movement and Allard was referred off-site for an x-ray of his abdomen. The x-ray was taken at the Clarinda Regional Health Center ("CRHC") in Clarinda, Iowa, on February 10, and CCF Health Services staff received a report from CRHC indicating Allard's bowel contained a large quantity of stool, but there was no obstructive pattern.

On February 11, Allard reported a small bowel movement, but still felt sick. Allard presented with a soft abdomen and hypoactive to normal bowel sounds. Allard continued to be treated for constipation, including another bottle of magnesium citrate. On February 12, Allard reported a small bowel movement from the prior day, cramping in his lower abdomen, and nausea. Allard presented with some bowel sounds and his abdomen was not tender. The next day, Allard reported nausea, vomiting, and some gas, but no bowel movement. Allard was prescribed the antibiotic Augmentin. Allard was continued on MiraLAX and stool softeners. A complete blood count was ordered.

On February 14, Allard reported a small bowel movement had occurred the night before. The complete blood count performed on February 14 indicated no infection. Later on February 14, Allard reported three small stools. A soap suds enema was then ordered, and resulted in liquid stool and a small solid bowel movement. The soap suds enema was repeated. The laxative GoLytely was then ordered. On February 15, new laxatives and suppositories were ordered. The suppositories resulted in gas and a small amount of stool.

On February 16, Allard reported he had a bowel movement the night before and passed gas all night. Allard reports that on February 16 he was physically unable to walk because of pain and unable to drink fluids because of vomiting. More laxatives were ordered. On February 17, Allard made clear his interest in stopping laxatives,

but was continuing to have pain. Bowel sounds were present in all bowel quadrants and Allard reported some small results from the treatment ordered the day before. Later, Allard's white blood count indicated infection and he was referred to the emergency room at CRFC. The emergency room doctor noted abdomen bowel sounds, no masses or megaly, and a soft abdomen. Flat and upright abdomen films revealed fairly large amounts of air within the colon, but the CRFC emergency room doctor did not see any obstruction, and the CRFC radiologist, while not excluding an obstruction, did not diagnose one.[3] The radiologist at CRFC noted distal colonic obstructions were not excluded and recommended a CT scan if distention persisted. After his return from the emergency room, Allard was given the gas reliever Simethicone on the recommendation of the emergency room doctor. No CT scan was ordered.

On February 18 and 19, Allard was instructed to walk between his cell and CCF Health Services, which he estimates he did approximately twenty times. On February 18, Allard asked for a change in medical directives; the medical directives were not changed. On February 19, Allard lied by reporting three stools and reporting he felt better. Allard was told to continue walking and drinking fluids.

The morning of February 20, Allard suffered a perforated diverticulum. Allard was sent to a hospital in Council Bluffs, Iowa, where he was treated. Allard had emergency surgery where a colostomy bag was installed and his bowel was repaired.

---

[3]The CRHC emergency room physician saw Allard on February 17 and wrote the report on February 18. The CRHC radiologist read the x-ray on February 17 and noted a "distal colonic obstruction is not excluded" by the films. The Iowa Department of Corrections did not receive a copy of the radiologist's report until September. The failure of the CCF Health Services staff to obtain the report does not demonstrate deliberate indifference: the results of the x-ray were reported to the CCF Health Services staff and were recorded on February 17 in Allard's CCF medical records.

Allard used the colostomy bag for ten months and now has a scar. In March of 2011, Allard received a disciplinary notice and was reprimanded for failure to strictly adhere to medical directives. The reprimand was based on Allard's refusal to walk as directed as part of his medical treatment.

Allard commenced this lawsuit on March 12, 2012, against Tonia Baldwin, M.D.; Delores Green; Pamela Alexander; Steve Jenkins; and Mark Lund, claiming his Eighth Amendment right to be free from cruel and unusual punishment was violated because CCF Health Services staff failed to treat his serious medical condition. The district court dismissed Jenkins and Lund from the suit and granted summary judgment to the remaining defendants.

II

"We review a district court's decision to grant a motion for summary judgment *de novo*, applying the same standards for summary judgment as the district court." Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering summary judgment motions, the burden of demonstrating there are no genuine issues of material fact rests on the moving party, and we review the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party. Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 680 (8th Cir. 2012). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Ricci v. DeStefano, 557 U.S. 557, 585 (2009)).

The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. The government has an "obligation to provide medical care for those

whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). "An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. The plaintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (internal citations omitted). Allard has demonstrated he suffered an objectively serious medical need when his bowel became obstructed and thereafter perforated, but Allard's claim the prison officials actually knew of but deliberately disregarded his medical needs fails as a matter of law.

Allard agrees he was diagnosed with constipation and given extensive treatment for that diagnoses. However, Allard argues his diagnoses and care were constitutionally inadequate. To prevail on a deliberate indifference claim, Allard must show more than even gross negligence. Spann v. Roper, 453 F.3d 1007, 1008 (8th Cir. 2006) (per curiam); see also Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009) ("In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a 'mental state akin to criminal recklessness: disregarding a known risk to the inmate's health.'" (quoting Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006))).

Allard first argues his diagnoses was constitutionally inadequate. To show deliberate indifference in a misdiagnosis, Allard must show defendants were more than grossly negligent. "Negligent misdiagnosis does not create a cognizable claim under § 1983." McRaven v. Sanders, 577 F.3d 974, 982 (8th Cir. 2009). Allard has failed to meet this burden. CCF Health Services staff diagnosed Allard with severe constipation after hearing Allard's complaints and conducting physical examinations. CCF Health Services staff twice referred Allard to the emergency room where the emergency room physician examined Allard and diagnosed constipation. The diagnoses by CCF Health Services staff does not arise to a level of criminal

-6-

recklessness. See Vaughn, 557 F.3d at 908. Allard's expert testified that a physician reviewing the x-rays in light of Allard's symptoms should have diagnosed Allard with a bowel obstruction. While Allard may have established a question of material fact sufficient for a negligent malpractice case, such evidence does not show deliberate indifference. CCF Health Services staff referred Allard to an outside provider who verified the diagnoses of constipation. Thus, the misdiagnosis does not rise to the level of deliberate indifference.

Allard next argues the care provided was constitutionally inadequate. A plaintiff can show deliberate indifference in the level of care provided in different ways, including showing grossly incompetent or inadequate care, Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990), showing a defendant's decision to take an easier and less efficacious course of treatment, id., or showing a defendant intentionally delayed or denied access to medical care, Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002). Allard relies on Smith, 919 F.2d at 93, to argue the treatment provided was constitutionally deficient. In Smith, the Eighth Circuit held "mere proof of medical care" is insufficient to disprove deliberate indifference. Id. Thus, in cases where some medical care is provided, a plaintiff "is entitled to prove his case by establishing [the] course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." Id.

Smith does not, as Allard contends, mandate a jury trial in this case. In Smith, the record was not well developed and this Court was "particularly troubled by the absence of Smith's medical records from the court record." Id. This Court held "a review of the medical records is required before a determination against Smith is made." Id. In the instant matter, the medical records are available and Allard has provided an expert who testified to the standard of care. The record demonstrates the CCF Health Services staff did not ignore Allard's complaints or his overall condition. Allard's medical records show CCF Health Services staff tried numerous treatments and constantly responded to Allard's complaints with potential remedies to treat

-7-

constipation. In fact, at various times Allard reported to his health care providers various treatments were providing some relief. Although Allard reported his displeasure with the ordered treatments, a healthcare provider need not accept as true medical judgments offered by their patients but must make treatment decisions on the basis of many factors, only one of which is patient's input. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir.1990); see also Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 795 (8th Cir. 2006) (holding mere disagreement with treatment decisions does not rise to level of constitutional violation). In total, viewing the evidence in the light most favorable to Allard, the treatments provided were not so ineffective as to be criminally reckless and therefore rise to the level of deliberate indifference.

Finally, Allard argues the disciplinary action supports his deliberate indifference claim. Although a reasonable inference can be made from the disciplinary actions that the prison health officials did not believe Allard was as sick as he claimed to be, this does not create a question of material fact which must be sent to a jury. It is not for this Court to determine whether the disciplinary action should have been filed. The evidence in favor of the CCF Health Services staff on Allard's Eighth Amendment claim is strong and Allard has not shown how the CCF requiring him to walk rises to the level of deliberate indifference.

III

Although Allard demonstrates the medical staff at CCF failed to properly diagnose his bowel obstruction, and although Allard demonstrates the failure to treat the bowel obstruction led to a bowel perforation, Allard fails to put forward evidence to support a finding of deliberate indifference. Accordingly, we affirm the judgment.

_____