BLD-253                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1710
_____

CARLOS BASKERVILLE,
Appellant

v.

DR. YOUNG, Prime Care
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-00209)
District Judge: Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 28, 2018

Before: RESTREPO, BIBAS, and NYGAARD, Circuit Judges

(Filed: July 9, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Carlos Baskerville appeals pro se from the judgment of the United States District Court for the Middle District of Pennsylvania in his 42 U.S.C. § 1983 action. As the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Baskerville initiated this § 1983 action in 2015 against Dr. Young (a physician at Dauphin County Prison), alleging that he was deliberately indifferent to his serious medical needs. Beginning around December 3, 2013, Baskerville, an inmate at Dauphin County Prison during the relevant time period, filed numerous inmate request forms concerning blurred vision and other problems with his eyes. This resulted in an optometric examination, blood work, and eye drops. Baskerville continued to file numerous request forms complaining about his eyes. As a result, on February 28, 2014, the medical staff scheduled Baskerville for an appointment with a local eye center for May 12, 2014. Then, on March 20, 2014, he reported to the medical staff that he had been experiencing the sudden onset of weakness in his arms for approximately two weeks, and an inability to completely lift his arms.[1] The next day Baskerville was evaluated by Young for the first time. After examining Baskerville, Young ordered numerous tests and additional blood work (all of which was completed), directed the

---

[1] According to Baskerville, he also went to the medical department on or about March 5, 2014, because he lost his "motor functions" in his hands and arms. Furthermore, he alleged that the medical staff told him that blood work would be ordered, but declined to take him to the hospital because his condition was not that serious. However, there is no record of Baskerville being seen in the medical department on March 5, 2014.

medical staff to inquire about Baskerville's "psych" medication to see if that was the cause of his symptoms, and noted that Baskerville was being observed.

Eventually, on April 3, 2014, Baskerville was transported to a local hospital after his family, who was visiting him, became concerned about his well-being. Baskerville had difficulty following the movement of a nurse's finger, forming a fist, and squeezing the nurse's hand. After the hospital conducted numerous tests, he was diagnosed with myasthenia gravis, which causes weakness and rapid fatigue of the muscles. In his amended § 1983 complaint,[2] Baskerville alleged that Young disregarded his sick call requests and did not order blood work to determine if he had myasthenia gravis. Ultimately, Young filed a motion for summary judgment arguing that the record failed to demonstrate an Eighth Amendment violation and a supervisory liability claim. The District Court granted summary judgment to Young, agreeing that Baskerville had failed to demonstrate an Eighth Amendment violation (it did not address the supervisory liability claim). This timely appeal ensued.

---

[2] In his original complaint, Baskerville also listed Dauphin County Prison and the Warden of the prison as defendants, along with Young. All three defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, which the District Court granted. The District Court correctly determined that Dauphin County Prison was not an entity subject to suit under § 1983, see Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam), and that liability could not be imposed on the Warden under § 1983 based on the principle of respondeat superior, see Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In granting the motion to dismiss, the District Court also granted Baskerville leave to reopen the case with an amended complaint asserting claims against Young only.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Gen. Ceramics Inc. v. Firemen's Fund Ins. Cos., 66 F.3d 647, 651 (3d Cir. 1995). We review the grant of summary judgment de novo, applying the same standard as the District Court. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper if, viewing the record in the light most favorable to Baskerville, there is no genuine issue of material fact and Young is entitled to judgment as a matter of law. See Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

III.

The Eighth Amendment, through its prohibition of cruel and unusual punishment, forbids the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Id. at 104-05. To succeed on an Eighth Amendment medical care claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

The parties do not dispute that Baskerville suffered from a serious medical need. Accordingly, our inquiry focuses on whether it was error to determine, as a matter of law,

4

that the record cannot support a finding that Young acted with deliberate indifference to Baskerville's health. Deliberate indifference can occur when prison officials "intentionally deny[] or delay[] access to medical care or interfer[e] with the treatment once prescribed." Id. (quoting Estelle, 429 U.S. at 104-05); see also Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence"); Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."). For the reasons that follow, we conclude that Young was entitled to summary judgment.

The essential question here is whether Young "so deviated from professional standards of care that it amounted to deliberate indifference." Pearson, 850 F.3d at 541 (quoting Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015)); see also Brown, 903 F.2d at 278. Based on the record, Baskerville was evaluated by Young only once prior to his diagnosis of myasthenia gravis. During that examination, which took place on March 21, 2014, Young thoroughly examined Baskerville and ordered numerous tests (including blood work) based on his symptoms. This demonstrates that Young recognized and treated Baskerville's serious medical need.

While Baskerville argues that Young should have done more – such as responding more quickly and completely to his complaints, and placing him in the Medical Unit for observation after the March 21, 2014 examination – his claims amount to, at most, claims that Young performed negligently, which is not sufficient to make out an Eighth Amendment claim. See Durmer, 991 F.2d at 67. In sum, the actions taken by Young

undisputedly indicate that he employed professional judgment, <u>see</u> <u>Brown</u>, 903 F.2d at 278, and did not act with the "obduracy and wantonness" necessary to sustain an Eighth Amendment violation, <u>see</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  Thus, Young was entitled to summary judgment.[3]

Accordingly, for the reasons given, we will summarily affirm the judgment of the District Court.

---

[3] Additionally, because Baskerville fails to demonstrate that he suffered a constitutional violation, he cannot satisfy any plausible theory of supervisory liability.  <u>See</u> <u>Barkes v. First Corr. Med., Inc.</u>, 766 F.3d 307, 316 (3d Cir. 2014), <u>rev'd on other grounds</u>, <u>Taylor v. Barkes</u>, 135 S. Ct. 2042 (2015) (per curiam).