**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2971
_____

JASON KOKINDA,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DR. BYUNGHAK JIN,
(official/personal capacity); CHRISTOPHER H. OPPMAN, MBA, MHA,
(official/personal capacity); CORRECT CARE SOLUTIONS; PATRICIA STOVER,
(official/personal capacity); IRMA VIHLIDAL, (Medical/Director) (official/personal
capacity); MARK DIALESANDRO, DSCS (official/personal capacity); ROBERT
GILMORE, (Superintendent) (official/personal capacity); RN NEDRO GREGO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-01303)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2019
Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: November 27, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In this civil rights case, pro se Appellant Jason Kokinda appeals from several District Court orders, including one granting summary judgment in favor of the defendants. For the reasons detailed below, we will affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the facts necessary for our discussion. Kokinda, formerly a Pennsylvania prisoner, claims that while was housed at SCI-Greene, he was fed a diet with an unacceptable amount of soy, despite alerting the medical staff that he had a soy allergy. Kokinda claims that the denial of a soy-free diet caused various maladies. After his release, he filed a civil rights lawsuit against numerous defendants, including the Pennsylvania Department of Corrections ("DOC"), Dr. Byunghak Jin, and Nurse Nedro Grego, claiming that they failed to treat his soy allergy.

Early in the litigation, the District Court granted in part the defendants' motions to dismiss, which resulted in numerous defendants and claims being dismissed.[1] The following claims remained after the motion to dismiss:[2] Dr. Jin and Nurse Grego violated his Eighth Amendment rights by failing to treat his soy allergy and order him a non-soy diet; Dr. Jin violated his Equal Protection rights by allowing other inmates to receive a

---

[1] In his opening brief, Kokinda did not challenge this order by the District Court; therefore, he has waived any argument about it. See FDIC v. Deglau, 207 F.3d 153, 169 (3d Cir. 2000) (finding an issue not raised in opening brief on appeal was waived and would not be addressed).

[2] The list of claims is based on Kokinda's third amended complaint.

2

non-soy diet; the DOC violated Title II of the Americans with Disabilities Act ("ADA") by denying him services due to his disability.

All three defendants filed motions for summary judgment, as did Kokinda. The Magistrate Judge recommended that the defendants' motions for summary judgment be granted and Kokinda's motion be denied. The District Court agreed, over Kokinda's objections. After three unsuccessful motions for reconsideration, Kokinda appealed.[3]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over an order granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). To defeat the defendants' motions for summary judgment, Kokinda was required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing a genuine issue for trial. See Fed. R. Civ. P. 56(c). Ultimately, "[w]here the record taken as a whole could not lead a rational

---

[3] Kokinda's notice of appeal was timely as to the District Court's summary judgment order and all three denials of reconsideration.

trier of fact to find for the non-moving party, there is no genuine issue for trial."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III.

We will affirm the District Court's judgment. We begin with Kokinda's Eighth Amendment claim against Dr. Jin and Nurse Grego. In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Id. at 104-05. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

We may assume that Kokinda's soy allergy constituted a serious medical need. Even so, and as the District Court concluded, the summary-judgment record here could not support a finding that either Dr. Jin or Nurse Grego acted with deliberate indifference. Deliberate indifference occurs when prison officials "intentionally deny[] or delay[] access to medical care or interfer[e] with the treatment once prescribed." Pearson, 850 F.3d at 534 (quoting Estelle, 429 U.S. at 104-05). "[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Notably, "mere disagreement as to the proper medical treatment [does not]

4

support a claim of an [E]ighth [A]mendment violation." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); see also Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence").

As to Dr. Jin, the essential question here is whether he "so deviated from professional standards of care that it amounted to deliberate indifference." Pearson, 850 F.3d at 541 (quoting Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015)); see also Brown, 903 F.2d at 278. No reasonable factfinder could conclude from the summary judgment record here that he did. That record shows that Dr. Jin evaluated Kokinda several times, and, based on Kokinda's symptoms, diagnosed possible soy intolerance and instructed Kokinda to try avoiding soy-heavy foods for one to two months. Largely relying on a post-release test showing an allergy to soy, Kokinda argues that Dr. Jin mistreated him. But the Eighth Amendment does not require a perfect, immediate diagnosis by a prison physician. See generally Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (explaining that prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners). Indeed, in non-emergency situations – among other things, we note, Dr. Jin had observed that, despite his reported symptoms, Kokinda's weight was normal – a conservative approach to treatment will be professionally warranted and will therefore be constitutionally unobjectionable.[4] At all

_____

[4] Kokinda argues in his brief that the Eighth Amendment requires prison physicians to conduct tests any time that reported symptoms suggest a possible allergy. The

5

events, it is clear from the record that Dr. Jin employed professional judgment as to Kokinda's complaints, see Brown, 903 F.2d at 278, precluding a finding that he acted with the "obduracy and wantonness" necessary to sustain an Eighth Amendment violation, see Whitley, 475 U.S. at 319.

Kokinda argues as well that Dr. Jin improperly delayed his treatment. Actionable deliberate indifference can, indeed, take the form of delays. See Pearson, 850 F.3d at 534 (explaining that deliberate indifference can occur when prison officials "intentionally deny[] or delay[] access to medical care or interfer[e] with the treatment once prescribed."). As evidence, however, Kokinda points to evidence that Dr. Jin did not on his own affirmatively call Kokinda back to the medical unit to see how the soy-light diet was going. We doubt that fact would suggest even negligence, let alone deliberate indifference. Indeed, the record makes clear that Kokinda was able to initiate sick call visits with health-care professionals about his dietary needs throughout his incarceration. In any event, the summary-judgment record indicates that Dr. Jin evaluated Kokinda on December 1, 2014, about two months after the initial diagnosis of soy intolerance; at that point, Dr. Jin noted that Kokinda continued to have symptoms and had lost weight (but continued to be of healthy weight). At that visit, Dr. Jin concluded that Kokinda should continue his efforts to avoid soy-rich foods. Kokinda argues that that Dr. Jin should have

appropriateness of testing will depend on the circumstances presented, however. No reasonable factfinder could conclude here, however, that Dr. Jin's adherence to a conservative approach to diagnosis and treatment somehow manifested the "obduracy and wantonness" required of an Eighth Amendment violation. See Whitley v. Albers,

6

done more at that point, perhaps ordering a completely soy-free diet, but, as we have explained, the Eighth Amendment does not require a perfect diagnosis during a course of treatment. See, e.g., Durmer, 991 F.2d at 67.

Nor could a reasonable jury find that Nurse Grego manifested deliberate indifference. The summary-judgment record indicates that Nurse Grego's primary interaction with Kokinda occurred during his intake at SCI-Greene. Kokinda complains that Grego did not accede at that time to his request for a soy-free diet. For reasons suggested above, this allegation does not suggest anything close to deliberate indifference. See, e.g., Monmouth Cty. Corr. Institutional Inmates, 834 F.3d at 326. This is particularly so where the summary-judgment record indicates that Kokinda's intake quickly led to a series of medical visits – and where nothing suggests that Nurse Grego had any reason to think that Kokinda was being mistreated. See Pearson, 850 F.3d at 540 (noting relevance of fact that a nurse reasonably understood a physician to be treating an inmate). Thus, both Dr. Jin and Nurse Grego were entitled to summary judgment as to this claim.

Next, Kokinda's equal protection claim against Dr. Jin fails. "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010). Kokinda alleged in his complaint that Dr. Jin ordered non-soy diets for inmates who were not housed on the mental health block. But Kokinda pointed

---

475 U.S. 312, 319 (1986).          7

to no evidence in the summary-judgment record in support of his allegation. See Fed. R. Civ. P. 56(c). Likewise, Kokinda's ADA claim against the DOC fails. Even if Kokinda's soy allergy could be considered a disability, he has not presented any evidence of discrimination on the basis of that disability. See Haberle v. Troxell, 885 F.3d 170, 178-79 (3d Cir. 2018) (explaining the framework of an ADA claim); see also 42 U.S.C. § 12132; Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (observing that the ADA does not create a cause of action for inadequate health care).

Finally, the District Court did not abuse its discretion in denying Kokinda's motions for reconsideration, as the motions did not adequately identify any of the grounds required for consideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).[5]

Accordingly, for the reasons given, we will affirm the judgment of the District Court. We deny Kokinda's motion for leave to submit a supplemental brief as well as his request that we quash a response brief and impose sanctions.

---

[5] In his opening brief, Kokinda raised several new issues, including an allegation that Dr. Jin did not adequately treat his hypertension. We decline to address these issues for the first time on appeal. See Gass v. V.I. Tele. Co., 311 F.3d 237, 246 (3d Cir. 2002). We observe that the record does not support in any way Kokinda's contention that the District Court demonstrated bias against him.