# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1454

_____

Eddie Jones

*Plaintiff - Appellant*

v.

Nwannem Obi-Okoye, MD, Individually and in her Personal and Official Capacity
as Health Service Doctor; Judith Lamarre, Individually and in her Personal and
Official Capacity as Physician Assistant (originally named as Judith Lamare)

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: August 25, 2020
Filed: August 28, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971), federal inmate Eddie Jones appeals following the

district court's[1] adverse grant of summary judgment.[2] Viewing the record in a light most favorable to Jones, and drawing all reasonable inferences in his favor, see Cullor v. Baldwin, 830 F.3d 830, 836 (8th Cir. 2016) (de novo review), we agree with the district court that Jones failed to establish that Dr. Nwannem Obi-Okoye was deliberately indifferent to his serious medical needs, see Allard v. Baldwin, 779 F.3d 768, 771-72 (8th Cir. 2013) (inmate must show more than even gross negligence, and demonstrate mental state similar to criminal recklessness: disregarding known risk to inmate's health); Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1993) (per curiam) (42 U.S.C. § 1983 claims and Bivens claims involve same analysis). The judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

[2]Jones has waived his challenge to the earlier dismissal of the claims against Judith Lamarre by not briefing this court on why the dismissal was improper. See Marksmeier v. Davie, 622 F.3d 896, 902 n.4 (8th Cir. 2010) (waiver of claim).