# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1607
_____

Timothy Briesemeister

*Plaintiff - Appellant*

v.

Nancy Johnston, MSOP-Chief Executive Officer, Sued in their Individual and
Official Capacities; Cassandra Dallum, MSOP-Moose Lake Contracted Registered
Dental Hygienist, Sued in their Individual and Official Capacities; Dr. Lawrence
William, Minnesota Department of Corrections Dentist, Sued in their Individual
and Official Capacities; Dr. David Laurin, MSOP-Moose Lake Contracted Dentist,
Sued in their Individual and Official Capacities; Jolee A. Sunnarborg,
MSOP-Moose Lake Licensed Dental Assistant, Sued in their Individual and
Official Capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 21, 2020
Filed: October 26, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, Timothy Briesemeister--who is civilly committed to the Minnesota Sex Offender Program (MSOP)--appeals the district court's grant of the defendants' motion to dismiss, for failure to state a claim, his personal-capacity claims for damages against MSOP dental hygienist Cassandra Dallum, MSOP dentist Dr. David Laurin, MSOP dental assistant Jolee Sunnarborg, and Minnesota Department of Corrections dentist Dr. Lawrence William.[1] Briesemeister's claims arise from a delay in replacing a missing filling and the eventual extraction of the tooth and development of a serious infection. We affirm in part and reverse in part.

We conclude that, even construing Briesemeister's complaint liberally, the claims against hygienist Dallum and dental assistant Sunnarborg were properly dismissed. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848-49 (8th Cir. 2014) (reviewing de novo the grant of a motion to dismiss for failure to state a claim, construing the pro se complaint liberally, accepting as true all factual allegations in the complaint, and drawing all reasonable inferences in the nonmovant's favor). We agree with the district court that, while Briesemeister's allegations established a serious medical need, Dallum's and Sunnarborg's actions, or failures to act, did not amount to deliberate indifference. See Mead v. Palmer, 794 F.3d 932, 936 (8th Cir. 2015) (explaining that, "[t]o prove deliberate indifference," a civilly committed patient must show that "the defendants actually knew of, but deliberately disregarded," his serious medical need); Johnson v. Leonard, 929 F.3d

_____

[1]Briesemeister has waived his claims for declaratory and injunctive relief against defendants in their official capacities, and his claims against MSOP official Nancy Johnston. See Marksmeier v. Davie, 622 F.3d 896, 902 n.4 (8th Cir. 2010) (explaining that an appellant waives any claims on which the appellant does not brief this court).

569, 575-78 (8th Cir. 2019) (rejecting pretrial detainee's claim for denial of dental care because defendants were not deliberately indifferent to his dental needs).[2] Specifically, Briesemeister alleged that Dallum examined him, took x-rays, consulted with Dr. William on whether there was a dental emergency, and later gave Briesemeister dental wax to fill the tooth. As to Sunnarborg, while Briesemeister alleged she responded, or failed to respond, to his medical request forms, he did not allege that she herself decided when he could see a dentist for a new filling or what medications should be prescribed after the tooth was later extracted.

We also conclude that the claims against Dr. Laurin were properly dismissed. While Dr. Laurin did not prescribe an antibiotic when he extracted the tooth after problems developed with the replaced filling, we agree with the district court that the decision not to prescribe an antibiotic based on postextraction examination findings amounted to at most negligence. See Allard v. Baldwin, 779 F.3d 768, 771-72 (8th Cir. 2015) (explaining that "[t]o prevail on a deliberate indifference claim," the plaintiff "must show more than even gross negligence" and establish a mental state "akin to criminal recklessness: disregarding a known risk to the [plaintiff's] health").

We conclude, however, that the claim against Dr. William was improperly dismissed at the pleading stage. Briesemeister's allegations indicated that although Dallum "agreed that [Briesemeister's condition] was bad," Dr. William advised her on June 30 that the missing filling was not a dental emergency, leading to a delay--

---

[2]Briesemeister relies on Kingsley v. Hendrickson, 576 U.S. 389 (2015), for the proposition that the standard for deliberate indifference claims under the Due Process Clause has been altered, and thus he had to prove only that the defendants' actions were not objectively reasonable. However, this court has continued to apply the deliberate indifference standard to claims for denial of medical care for pretrial detainees and thus for civilly committed patients.

until September 28--to replace the filling, and that this delay may have led to the need for the extraction and to the infection. At the pleading stage, it is unknown what information Dr. William considered when he advised Dallum that there was no dental emergency, whether he reviewed the dental x-rays, and what the x-rays showed. We thus conclude that the dismissal was premature. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); McRaven v. Sanders, 577 F.3d 974, 983 (8th Cir. 2009) ("[M]edical treatment may so deviate from the applicable standard of care as to evidence a physician's deliberate indifference."). Accordingly, the dismissal of the claim against Dr. William is reversed, and the case is remanded for further proceedings consistent with this opinion. The district court's opinion is affirmed in all other respects.

_____